IN THE DISTRICT COURT IN AND FOR
FREMONT COUNTY, STATE OF WYOMING

**RICHARD T. SONBERG, PLAINTIFF, pro se**      CIVIL ACTION NO.

vs.     2025-CV-0044036

**CONTANGO RESOURCES, LLC, a Delaware limited liability company,
DEFENDANT**

PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Richard T. Sonberg, acting *pro* se herein, and for his Claims For Relief against the Defendant, Contango Resources, LLC, alleges and states the following, to wit:

    I.    Jurisdiction and Venue.

1.1 This Court has proper jurisdiction and venue for the determination of the claims stated in this Complaint:

   (i) Plaintiff is a resident and citizen of the State of South Carolina, living at 54 Freshwater Lane in the Town of Hilton Head Island, South Carolina. Plaintiff owns and is asserting herein claims arising from the operation by the Defendant of producing gas wells located in Fremont County, Wyoming.

   (ii) The Defendant is a limited liability company that is organized and domiciled in the State of Delaware. The Defendant LLC is registered with the Wyoming Secretary of State, licensed to do business in Wyoming, is actively transacting business and operating wells in Fremont County, and has a

1

registered agent in Wyoming upon whom service of summons and this Complaint can be effected. Venue is established under the Wyoming Royalty Payment Act, since this action involves gas wells in Fremont County.

II. Plaintiff's First Claim For Relief - Declaratory Judgment

2.1 General Statement of the Controversy Between the Parties: The Defendant, Contango Resources, LLC, is the owner and operator of numerous producing oil and gas wells in several states, including the States of Oklahoma and Wyoming. In 2021 the Defendant purchased operating rights for producing oil and gas wells situate in the Madden Deep Unit, Fremont County, Wyoming, from ConocoPhillips and became (and still is) the designated operator of these eight (8) producing wells. See Exhibit " A" for a description of said wells, herein referred to as the "Big Horn wells" and "CFI wells."

2.2 Companies owned by the Plaintiff have owned a 2.000% of 8/8th's non-participating mineral royalty in 360 acres situate in said Fremont County, Wyoming. This acreage and producing wells thereon, which are now operated by the Defendant, are specifically described and identified on Exhibit "A" which is attached to this Petition and made a part hereof.

2.3 Pursuant to the provisions of the original assignments creating said royalty interest owned by the Plaintiff's companies, it entitles him (or his

2

designee) to be paid a full 2.000% of all net revenues (after payment of deductible expenses) derived from the sale of products that are produced, saved and sold from these wells. The Plaintiff (or at times his designees/assignees) had been paid at this 2.000% rate (also designated as a 0.0200 decimal rate) from the date of his acquisition of his royalty interest until the Defendant took over as operator of the wells in 2021. The interest in the eight Big Horn wells is adjusted to the participation of Plaintifff's 320 acre tract to the overall size of the Madden Deep Unit in which it is located. See this "net revenue interest" or "NRI" as calculated on Exhibit "A".

2.4 The eight Big Horn wells in which the Plaintiff owns his royalty interest are currently producing and selling, and have been producing and selling for many years, commercial quantities of natural gas, $CO_2$ and sulphur. The Defendant, as the designated operator of these wells since the fall of 2021, receives all of the revenues payable by the purchasers of said produced products, and is obligated to distribute and pay applicable shares of such revenues to the persons owning recorded interests in these wells, less any applicable and proper expenses deductible from that net revenue interest, including the Plaintiff and/or his designees/assignees at the NRI rate shown.

2.5 Since the Defendant took over operation of these wells, it has been paying the Plaintiff's royalty interest in these eight wells at varying percentage and decimal rates that are significantly less than the correct NRI rates.

2.6 The Plaintiff has repeatedly complained to the Defendant that its revenue payments are less than the amounts required under the terms of Plaintiff's royalty assignment, but the Defendant refuses to acknowledge Plaintiff's claim, and asserts that it is paying Plaintiff's interest in accordance with the terms and conditions of the assignment of his royalty interest.

2.7 In addition to the above, the Defendant has been paying Plaintiff's royalty interest on less than the total monthly sales of natural gas from the subject wells, so that there is a deficiency in payments due to the Plaintiff, but the Defendant refuses to acknowledge that it is liable for such reduced amounts.

2.8 On or about April 2, 2024, the Defendant sent to each of Plaintiff's Companies a letter in the form attached hereto as Exhibit "B ". Thereafter, without the consent of or consultation with Plaintiff and his companies, the Defendant did implement a plan to assess Plaintiff's accounts for the amounts it unilaterally claimed to be owing due to Defendant's accounting errors, and has withheld 75% of the sales revenues due to Plaintiff's royalty accounts for production from the Big Horn wells. Plaintiff categorically disputes that he or his companies owe any amounts to Defendant under such PPA plan, and has objected to Defendant's withholding of 75% of the mineral royalty revenues. The legitimacy of Defendant's claims for PPA needs to be adjudicated herein.

2.9 In addition, the Defendant has been charging Plaintiff's royalty accounts

4

with expenses that are not allowable under applicable Wyoming statutes, thereby improperly reducing the correct amount of revenue due thereon.

2.10 The Plaintiff currently owns the claims against the Defendant, as alleged and stated herein, by reason of an "Assignment of Claims" a copy of which is attached hereto as Exhibit "C" and seeks to recover upon them in this action.

2.8 Clear and discernable disputes exist between the parties, as set forth above. Only a stated Declaratory Judgment issued by this Court, after a review of all applicable facts, can resolve this controversy between the parties to this lawsuit and establish Plaintiff's correct royalty rate, and sales revenues and fees or penalties due from the Defendant for its statutory violations.

WHEREFORE, the Plaintiff prays that all relevant facts on the above-stated issues be presented to this Court, and that it thereupon issue its Declaratory Judgment to resolve the question of what is the correct revenue (decimal) interest upon which the Defendant should pay the Plaintiff and/or his designees/assignees for his assigned royalty interest upon the subject wells; further, that this Court resolve the question of what is the correct volume of natural gas sales from the subject wells upon which the Defendant is obligated to pay the Plaintiff (or his assignee/designee) for his royalty interest; and, further, that this Court resolve the question of what expenses are properly deducted from the gross revenues to determine Plaintiff's proper net share; further, that this Court determine what fees and penalties are due and owing

by the Defendant for its violations of the Wyoming Royalty Payment Act.

### III. Plaintiff's Second Claim For Relief – Monetary Claim For Damages From Underpayment of Oil and Gas Royalty

3.1 Attached to this Petition as Exhibit "C" is a copy of an authentic Assignment by which the current owner of said mineral royalty interest, West Stigler Gas, LLC, a Wyoming limited liability company, assigned to Plaintiff its rights and claims against the Defendant for certain deficient and under payments of production revenue from said wells in Wyoming, as well as claims for fees and penalties due from the Defendant for violations of the Wyoming Royalty Payment Act, Wyo. Statute Sections 30-5-301, *et seq.*

3.2 One of the deficiencies and under payments by the Defendant during its tenure as Operator of the wells in which Plaintiff's royalty interest is applicable has been paying for revenue from less production and sales of natural gas than actually occurred in the months from November, 2021, through October, 2024. Plaintiff attaches to this Petition as Exhibit " D" a tabulation of the under payment of sales revenues and the total amount that has accrued and is owing from this deficiency in payment.

3.3 Plaintiff is currently the owner of the claim against the Defendant for the under payment of gas sales revenues pursuant to the attached Assignment of Claims. The Plaintiff claims the sum of $116,133.00 from the Defendant for under-payment of gas sales revenues from said wells,

6

plus additional accumulation through judgment.

    IV.    <u>Plaintiff's Third Claim For Relief – Monetary Claim For Late Delivery of Reports of Royalty Payment Information.</u>

4.1 Another deficiency by the Defendant as Operator of said wells has been a failure to provide the Plaintiff's royalty owners with timely production and sales reports for the production and sales from the wells operated by the Defendant. Wyoming Statute 30-5-305 (Wyoming Royalty Payment Act) requires the Operator to provide royalty owners with a comprehensive production and sales report within 60 days of the end of the month in which the production and sales occurred. Failure to comply with this reporting requirement results in a $100 per month late report fee for each month that the required report continues to be late. Wyoming Statute 30-5-303 and 305.

4.2 Attached as Exhibit " E" is a tabulation of the late report fees that have accumulated due to Defendant's continuing failure to meet the report requirements of the Wyoming Royalty Payment Act.

4.3 Plaintiff is currently the owner and holder of the claim resulting from Defendant's reporting defalcations and claims the sum of $189,000.00 against the Defendant, plus additional accruals to date of judgment.

    V.    <u>Claim For Interest Under the Wyoming Royalty Payment Act</u>

5.1 In addition to Defendant's underpayment on the gas sales royalty, and late fees for its failure to provide timely reports of the production and

sales, the Defendant is liable to the Plaintiff for statutory interest payable under the Wyoming Royalty Payment Act, Section 30-5-303, which provides that a designated oil and gas operator, such as Defendant, is liable to royalty owners for interest calculated at the rate of 18% per annum for failure to pay production revenues within sixty (60) days from the end of the calendar month in which such production was sold.

5.2 Plaintiff alleges and claims that the Defendant's payments on the Royalty owned to his companies at numerous times were paid beyond this 60-day time period for sales from wells to which Plaintiff's royalty is applicable. Plaintiff will provide to the Court a tabulation of the accumulated interest calculated to be owing by Defendant from its late payments of sales revenue derived from production from said wells.

5.3 The Plaintiff is currently the owner of the claim against the Defendant for said accumulated interest for late payment gas sales revenues. The Plaintiff asserts his claim against the Defendant for this accumulated interest, as calculated, including additional amounts accruing until judgment.

VI.  **Plaintiff's Claim For Exemplary Damages**

6.1 In addition to the above-stated claims for damages accruing under The Wyoming Royalty Payment Act, the Plaintiff claims additional damages against the Defendant, in an amount determined at the discretion of the Court for exemplary damages to compensate the Plaintiff and punish the Defendant

for its continuing failure to comply with the Royalty Payment Act, all as alleged and to be proven under the above Claims for Relief.

WHEREFORE, the Plaintiff prays judgment against the Defendant upon the above-stated Claims for Relief, including (i) a declaratory judgment, and (ii) monetary judgment for the Defendant's aforesaid continuing violations of the Wyoming Royalty Payment Act, including failure to pay for all volumes of product produced and sold from said wells, failure to provide timely monthly reports, and failure to make timely payments of revenue, and (iii) a reasonable amount of exemplary damages as determined by the Court to be reasonable and proper under the circumstances of the Defendant's misrepresentations in its role of operator of the subject wells, and its mis-reporting and mis-payment of royalties due upon Plaintiff's royalty interest in the subject wells; and (iv) a reasonable amount to reimburse the Plaintiff for his costs and expenses herein incurred.

Respectfully submitted,

*Richard T. Sonberg*

Richard T. Sonberg, Plaintiff *pro se.*      email: rtsiws@aol.com
54 Freshwater Lane                            telephone: 843-290-7074
Hilton Head Island, SC. 29928

# RICHARD T. SONBERG

54 FRESHWATER LANE  
HILTON HEAD ISLAND, SC 29928

843-290-7074

## EXHIBIT "A"

**Madden Deep Unit – Fremont County, Wyoming – Participating Area "A"**
**Total of 24,087.50 net acres per BLM Order of February 1, 2002**

Richard T. Sonberg acquired 2.0 of 8/8 % Mineral Royalty Interest in 320 net acres - NE/4 Section 8 and NW/4 of Section 9 – T38N-R89W

$320/24,087.50 = 0.013848 \times .02 = .00026570$ Net Revenue Interest in Unit

### Eight Producing Gas Wells in Deep Madden Unit – Area "A"

1. Big Horn 10-5   API No. 490132-2811.   Section 5-38N-90W
2. Big Horn 1-5                490132-1362    Section 5-38N-90W
3. Big Horn 2-3                490132-1510    Section 3-38N-90W
4. Big Horn 4-36               490132-1756    Section 36-39N-91W
5. Big Horn 5-6                490132-1917    Section 6-38N-89W
6. Big Horn 7-34               480132-2051    Section 34-39N-91W
7. Big Horn 8-35               480132-2127    Section 35-39N-90W
8. Big Horn 9-4                480132-2226    Section 4-38N-90W

SEE ATTACHED PLAT FOR WELL LOCATIONS

THREE COMPANIES OWNED BY RICHARD T. SONBERG WHICH OWNED ROYALTY INTEREST IN ABOVE WELLS FROM NOVEMBER, 2021 UNTIL JANUARY 1, 2025:

| NAME | Ownership/NRI |
|---|---|
| 1. Island Water Sports of Hilton Head-40%. | 0.00010628 |
| 2. Water Charters of Hilton Head – 40% | 0.00010628 |
| 3. Sonberg – Cason Trust- 20% | 0.00005314 |
|  | Total =0.00026570 NRI |

100% of This NRI Assigned To West Stigler Gas, LLC as of January 1, 2025



## Exhibit "B"

April 2, 2024

Dear ISLAND WATER SPORT OF HILTON HEAD,

Owner Number: 80046760

On August 31, 2021, Contango Resources, LLC ("Contango") acquired wells and associated assets within the Madden Field, located in Fremont and Natrona Counties, Wyoming (the "Madden Assets"), from ConocoPhillips Company ("COP") and its affiliates. Contango began paying revenue from the Madden Assets to royalty owners on January 1, 2022. As part of the acquisition, Contango acquired certain accounting records that were imported into our accounting software and those records were utilized to pay revenue from oil and gas production from the Madden Assets.

After a period of accounting system conversion, setup, and transition, Contango discovered certain system adjustments were required because overpayments were made to royalty owners within the Madden Assets. These overpayments resulted in the need for corrections to be processed. Contango will be executing Prior Period Adjustments (PPAs) to affected owners beginning in March 2024. In addition, this PPA includes an adjustment to account for the Cost-of-Service charge to make the product more marketable and which was charged by the prior operator.

Your PPA for revenue payments related to the Madden Assets is **$27,124.66** To recoup these PPAs from royalty owners, Contango is providing royalty owners with an election of three options.

- Pay the entire amount of the PPA by May 3, 2024.
- Contango to recoup the PPA by withholding all monthly revenue payment from the Madden Assets until the PPA is paid in full.
- Contango to recoup the PPA by withholding 75% of monthly revenue payment from the Madden Assets until the PPA is paid in full.

Please make your election of the preferred option by checking the appropriate box in the space provided below. Please notify Contango of your preferred election by May 3, 2024, by enclosing your election in the enclosed self-addressed stamped envelope or emailing it to OwnerRelations@contango.com. If you do not make an election by May 3, 2024, Contango will withhold all monthly revenue payments from the Madden Assets until the PPA is paid in full.

Owners impacted by PPAs will continue to receive a monthly statement providing all details for the associated revenue from the Madden Assets. In addition, you will receive a monthly statement providing your current outstanding balance. [This information will be included in a personalized Box site that can be accessed as follows:] **https://crescentenergyco.box.com/s/9518msx0s9bdtmks53myhdrdv6bnheju**

If you have any questions, please contact OwnerRelations@contango.com or call +1 (405) 252-5777. We apologize for any inconvenience this may cause.

Best Regards,

Contango Resources, LLC



I elect to repay the PPA from the Madden Assets as follows:

☐ Pay the entire amount of PPA by May 3, 2024, via check.

☐ Contango to recoup the PPA by withholding all monthly revenue payment from the Madden Assets until the PPA is paid in full.

☐ Contango to recoup the PPA by withholding 75% of monthly revenue payment from the Madden assets until the PPA is paid in full.

By: _____

Date: _____

ISLAND WATER SPORT OF HILTON HEAD
Owner Number: 80046760

## ASSIGNMENT OF ACCOUNTS RECEIVABLE AND CLAIMS

Exhibit "C"

**KNOW ALL MEN BY THESE PRESENTS:**

THAT the undersigned Companies, herein identified as "Assignors", do hereby assign and transfer unto Richard T. Sonberg, of Hilton Head Island, South Carolina, herein identified as "Assignee," all of Assignors right, title, and interest in and to certain "Accounts Receivable and Claims" as they are fully described and identified hereinbelow, all subject to the terms and conditions set forth:

The four (4) Companies who are the Assignors in this transaction are identified as: (1) Water Charters of Hilton Head, Inc; (2) Island Water Sports of Hilton Head, Inc; (3) The Sonberg-Cason Trust; and (4) West Stigler Gas, LLC; each of whom are participating in and agreeing to the terms and conditions herein.

The "Accounts Receivable and Claims" assigned and transferred hereunder by the Assignors to Assignee are any and all amounts owned by Assignors and owed to them by Contango Resources, LLC, a limited liability company (herein referred to as "Obligor") insofar as such amounts arise out of and are due and payable as a result of (1) Assignors owning a mineral royalty interest in producing gas wells situate in Fremont County, Wyoming, and (2) Obligor being the Designated and active Operator of these producing gas wells, which are described and identified on Exhibit "A" attached hereto and by reference made a part of this Assignment, and are herein called "The Subject Wells." Obligor has been the Designated Operator of the Subject Wells since November 1, 2021.

The Accounts Receivable and Claims assigned to Assignee have arisen and accumulated from the Obligor's continued violations of the Wyoming Royalty Payment Act in its performance as the Designated Operator of the Subject Wells, including: (i) Payment to Assignees for sales revenues from the natural gas produced and sold at less than 100% of such sales; and (ii) Interest on the sales revenues as provided in said Act for failure to pay revenues within the required 60-day period from the end of the month of production; and (iii) Fees payable under said Act for failure to provide timely revenue reports within the 60-day period from the end of the month of production.

Assignee is granted under this Assignment full and complete ownership and right to assert and collect these assigned Accounts Receivable and Claims in his own name, and to bring a civil action in his name against the Obligor to collect upon same. Assignors, and each of them, do hereby acknowledge that this Assignment is made by each of its own free will and for good and valuable consideration received from Assignee. This Assignment shall be binding upon each of the parties hereto, as provided herein. Signed and entered into this ____ day of January, 2025, at Hilton Head Island, South Carolina.

Island Water Sports of Hilton Head, Inc.

BY: _/s/ Richard T. Sonberg_
Its President, duly authorized

Water Charters of Hilton Head, Inc.

BY: _/s/ Richard T. Sonberg_
Its President, duly authorized

Sonberg-Cason Trust

BY: _/s/ Kathleen W. Sonberg_
Kathleen W. Sonberg, Trustee, duly authorized

West Stigler Gas, LLC

BY: _/s/ Richard T. Sonberg_
Its Owner & Manager, duly authorized

Exhibit "D"

| WELLS | WOGCC 2022 | RTS TOTAL 2022 | | WOGCC 2023* | RTS TOTAL 2023* | 2 YEAR DEFICIENCY | WOGCC 2024 |
|---|---|---|---|---|---|---|---|
| BIG HORN 1-5 | 7,730,732 | 3,694,834 | | 4,530,662 | 2,187,585 | 6,378,975 | To Be |
| BIG HORN 2-3 | 8,409,220 | 4,181,796 | | 5,368,868 | 2,460,984 | 7,135,308 | Tabulated |
| BIG HORN 4-36 | 6,622,650 | 3,329,893 | | 4,946,741 | 2,426,760 | 5,812,738 | |
| BIG HORN 5-6 | 5,537,845 | 2,770,852 | | 3,572,378 | 1,744,822 | 4,594,549 | |
| BIG HORN 7-34 | 7,804,690 | 2,782,040 | | 5,318,045 | 2,355,685 | 7,985,010 | |
| BIG HORN 8-35 | 3,894,125 | 1,971,862 | | 1,814,146 | 1,043,257 | 2,693,152 | |
| BIG HORN 9-4 | 8,170,297 | 3,846,111 | | 6,105,516 | 2,910,742 | 7,518,960 | |
| BIG HORN 10-5 | 7,140,887 | 3,400,007 | | 5,228,295 | 2,505,260 | 6,463,915 | |
| | | | | | | | |
| Total 8 Wells | 55,310,446 | 25,977,395 | | 36,884,651 | 17,635,095 | 48,582,607 | |
| | | | | | | | |
| TOTAL FOR 2 YEARS | | | WOGCC | REPORTS | 92,195,097 | | |
| | | | RT SONBERG | REPORTS | 43,612,490 | | |
| | | | DEFICIENCY | | 48,582,607 | MCF | |
| | | | RT SONBERG | 0.0002656 | 12,903.54 | MCF | |
| | | | | | | | |
| | | ESTIMATED AVERAGE PRICE = $3.00 PER MCF | | | | | |
| EST. VALUE OF SONBERG MCF DEFICIENCY USING AVERAGE PRICE OF $3.00= | | | | | | $38,711 | Per Owner |
| | | | | Total For 3 Owners =. | | $116,133 | |
| *NOTE - VOLUMES FOR 2023 PRODUCTION AND SALES DO NOT INCLUDE MONTHS OF OCTOBER THRU DECEMBER | | | | | | | |

**TABULATION OF DIFFERENCE BETWEEN SALES VOLUMES (MCF) FOR 8 BIG HORN WELLS IN MONTHLY REPORTS TO WOGCC AND ENEGYLINK REPORTS TO RICHARD SONBERG**

| Month of Production/Sales | Date Rpt Due | No. Mos Late | Total Fees |
|---|---|---|---|
| November, 2021 | Jan 31,2022 | 35 | 3,500 |
| December, 2021 | March 03,22 | 34 | 3,400 |
| January, 2022 | April 4,2022 | 33 | 3,300 |
| February, 2022 | April 29,2022 | 32 | 3,200 |
| March, 2022 | May 30,2022 | 31 | 3,100 |
| April, 2022 | June, 29,22 | 30 | 3,000 |
| May, 2022 | July 30,22 | 29 | 2,900 |
| June, 2022 | August 29,22 | 28 | 2,800 |
| July, 2022 | Sept 29,22 | 27 | 2,700 |
| August, 2022 | Oct. 30,22 | 26 | 2,600 |
| September, 2022 | Nov. 29,22 | 25 | 2,500 |
| October, 2022 | Dec. 30,22 | 24 | 2,400 |
| November, 2022 | Jan 29,23 | 23 | 2,300 |
| December, 2022 | Feb 29,23 | 22 | 2,200 |
| January, 2023 | April 4,23 | 21 | 2,100 |
| February, 2023 | April 29,23 | 20 | 2,000 |
| March, 2023 | May 30,23 | 19 | 1,900 |
| April, 2023 | June 29,23 | 18 | 1,800 |
| May, 2023 | July 30,23 | 17 | 1,700 |
| June, 2023 | August 29,23 | 16 | 1,600 |
| July, 2023 | Sept 29,23 | 15 | 1,500 |
| August, 2023 | Oct. 30,23 | 14 | 1,400 |
| September, 2023 | Nov. 29, 23 | 13 | 1,300 |
| October, 2023 | Dec. 30, 23 | 12 | 1,200 |
| November, 2023 | 29-Jan-24 | 11 | 1,100 |
| December, 2023 | 29-Feb-24 | 10 | 1,000 |

Totals For 2021, 2022, 2023                58,500

**Exhibit "E"**
Page 1

Totals For 20[...]

The Above Totals Are Due And Payable To Each of the 3 Owners held by Richard T. Sonberg

**Exhibit "E"**
Page 2

| Month of Prod./Sales | Date Rpt Due | No. Mos Late | Total Fees |
|---|---|---|---|
| Jan-24 | April 4,24 | 9 | 900 |
| Feb-24 | April 29,24 | 8 | 800 |
| Mar-24 | May 30,24 | 7 | 700 |
| Apr-24 | June 29,24 | 6 | 600 |
| May,24 | July 30,24 | 5 | 500 |
| June,24 | August 29,24 | 4 | 400 |
| July,24 | Sept.29,24 | 3 | 300 |
| Aug,24 | Oct.30,24 | 2 | 200 |
| Sept,24 | Nov.29,24 | 1 | 100 |
| Oct,24 | Dec.30,24 | | |
| Nov,24 | Jan.29,25 | | |
| Dec,24 | Feb.29,25 | | |

Totals For 2024                                4500

21 through 20: Totals For 2021 through 2024        $63,000   Each Owner